■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT MCNAIR, Also Known as DAVID ROBINSON, Appellant. [802 NYS2d 445]—

Judgment, Supreme Court, Bronx County (Roger S. Hayes, J., at plea; John N. Byrne, J., at sentence), rendered March 13, 2003, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant's claim that he was improperly sentenced under his plea of guilty to a felony, which had been accompanied by a promise that defendant could obtain a misdemeanor disposition upon successful completion of a drug program, is unpreserved since he never requested a hearing or moved to withdraw his plea (*see e.g. People v Battle*, 287 AD2d 361 [2001], *lv denied* 97 NY2d 751 [2002]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that after an exemplary inquiry, the sentencing court properly determined that defendant violated his plea agreement by failing to complete the program, by absconding, and by having to be brought back to the court on a bench warrant seven years later (*see e.g. People v Delgado*, 14 AD3d 449 [2005], *lv denied* 4 NY3d 853 [2005]). Defendant admitted that he had not completed the aftercare portion of the drug program, and his appellate argument that he was not informed, at the time of his plea, that he had to complete both residential and aftercare portions of the program is unpreserved and unavailing. Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Mazzarelli, J.P., Friedman, Marlow and Nardelli, JJ.